1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ROBERTO HERRERA,

11            Petitioner,                    No. 2:12-cv-3082 DAD P

12        vs.

13   CONNIE GIPSON,

14            Respondents.               ORDER

15   _____/

16          Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of

17   habeas corpus pursuant to 28 U.S.C. § 2254.  In accordance with the court's April 18, 2013

18   order, petitioner has filed an application to proceed in forma pauperis.

19          Examination of the in forma pauperis application reveals that petitioner is unable

20   to afford the costs of suit.  Accordingly, the application to proceed in forma pauperis will be

21   granted.  See 28 U.S.C. § 1915(a).

22                          **PRELIMINARY SCREENING**

23          Rule 4 of the Rules Governing Section 2254 Cases allows a district court to

24   dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to

25   it that the petitioner is not entitled to relief in the district court. . . ."  Rule 4, Rules Governing

26   Section 2254 Cases.  See also O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); Gutierrez

                                            1

1   v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983).  The Advisory Committee Notes to Rule 8

2   indicate that the court may dismiss a petition for writ of habeas corpus at several stages of a case,

3   including "summary dismissal under Rule 4; a dismissal pursuant to a motion by the respondent;

4   a dismissal after the answer and petition are considered; or a dismissal after consideration of the

5   pleadings and an expanded record."

6                          **BACKGROUND**

7          Petitioner commenced this action by filing a petition for writ of habeas corpus

8   with this court, challenging the constitutionality of the restitution fine(s) imposed as part of his

9   judgment of conviction entered in the Lassen County Superior Court.  In total, petitioner alleges

10   that he owes approximately $16,000.00 in restitution fines.  Petitioner claims that the state trial

11   court erred in imposing the restitution fine(s), and that in any event, he will never get out of

12   prison and should be exempt from paying the restitution fines.  (Pet. at 1-6.)

13                            **ANALYSIS**

14          This federal court lacks jurisdiction to review petitioner's application for a writ of

15   habeas corpus.  Section 28 U.S.C. § 2254(a) states:

16           The Supreme Court, a Justice thereof, a circuit judge, or a district
            court shall entertain an application for a writ of habeas corpus in
17           behalf of a person in custody pursuant to the judgment of a State
            court only on the ground that he is in custody in violation of the
18           Constitution or laws or treaties of the United States.

19   Federal jurisdiction over a habeas petition arising from a state court judgment is limited to

20   persons "in custody" pursuant to that judgment.  See § 28 U.S.C. § 2254(a).  However, "physical

21   custody alone is insufficient to confer jurisdiction."  Bailey v. Hill, 599 F.3d 976, 984 (9th Cir.

22   2010).  The court may entertain a habeas petition only on the grounds that the petitioner "is in

23   custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C.§

24   2254(a).  Where, as here, petitioner challenges only a restitution order and not the lawfulness of

25   his physical incarceration under federal law, petitioner fails to satisfy the "in custody"

26   /////

1   requirement to create jurisdiction under § 2254.  See Bailey, 599 F.3d at 980-84; see also

2   Martinez v. Davis, NO. CV 13-3133-CAS (OP), 2013 WL 3467311, at *2 (C.D. Cal. July 9,

3   2013) (applying Bailey to bar consideration of a federal habeas petition presenting a challenge to

4   a restitution fine imposed by the state court) (and cases cited therein).  Accordingly, this habeas

5   action will be dismissed.[1]

6                                        **OTHER MATTERS**

7          Rule 11 of the Federal Rules Governing Section 2254 Cases states that "the

8   district court must issue or deny a certificate of appealability when it enters a final order adverse

9   to the applicant."  A certificate of appealability should be granted for any issue that petitioner can

10  demonstrate is "'debatable among jurists of reason,'" could be resolved differently by a different

11  court, or is "'adequate to deserve encouragement to proceed further.'"  Jennings v. Woodford,

12  290 F.3d 1006, 1010 (9th Cir. 2002) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).  For

13  the reasons set forth above, the court declines to issue a certificate of appealability in this action.

14                                        **CONCLUSION**

15         Accordingly, IT IS HEREBY ORDERED:

16         1.  Petitioner's motion to proceed in forma pauperis (Doc. No. 6) is granted;

17         2.  All pending motions (Doc. Nos. 7 & 10) are denied as moot;

18         3.  Petitioner's application for a writ of habeas corpus (Doc. No. 1) is dismissed;

19         4.  A certificate of appealabilty is not issued in this action; and

20         5.  This action is closed.

21  DATED: August 28, 2013.

22

23  DAD:9
    herr3082.156
24

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

25

26  [1]  Petitioner previously consented to Magistrate Judge jurisdiction over this action
    pursuant to 28 U.S.C. § 636(c).  (See Doc. No. 4.)